George McDONNELL, Plaintiff,

v.

GANNETT NEWS SERVICE, INC., t/a the News-Journal, Defendant.

Civ. A. No. 80–618.

United States District Court, D. Delaware.

Aug. 6, 1981.

Aida Waserstein, of Bader, Dorsey & Kreshtool, Wilmington, Del., for plaintiff; Alice W. Ballard of Samuel, Ballard & Hyman, Philadelphia, Pa., of counsel.

Richard G. Elliott, Jr., and L. Susan Faw of Richards, Layton & Finger, Wilmington, Del., for defendant.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

On December 30, 1980, plaintiff George McDonnell filed this action against Gannett News Service, Inc. trading as The News-Journal, claiming that his forced retirement was a violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* (the "ADE Act"). Defendant first moved to dismiss for failure to sue the proper party and for failure to comply with and exhaust state and federal administrative remedies. Defendant also asserted that plaintiff was not a protected person under the ADE Act, which the Court treats as an assertion of failure to state a claim upon which relief can be granted. Plaintiff then moved to amend its complaint to name the Gannett Co. trading as The News-Journal as defendant. Defendant both opposed this motion and argued that, if granted, the amendment should not be allowed to relate back, with the result that this action would be barred by the statute of limitations. Defendant also apparently dropped its exhaustion claims. Finally, plaintiff moved to amend its complaint to state that plaintiff was retired by defendant after December 31, 1978. For the reasons stated below, the Court grants defendant's motion to dismiss for failure to state a claim upon which relief may be granted.

### I. Factual Background

Plaintiff McDonnell was in fact employed by the Gannett Co. trading as The News-Journal, rather than the Gannett News Service, and was a member of the Wilmington Typographical Union ("Union"). On November 18, 1978, the Union entered into a collective bargaining agreement ("Agreement") retroactive to May 1, 1978, for a three-year term. A prior agreement had expired on April 30, 1978. The Agreement provided for involuntary retirement of employees once they reached a certain age. Prior to January 1, 1979, this age was to be 65 years, and thereafter, 70 years. In June 1978, The News-Journal notified McDonnell that he would not be employed after December 31, 1978, and on that date The News-Journal terminated the employment of McDonnell who had attained the age of 65 on December 9, 1978.

### II. Legal Issues

■ Usually the Court would first address plaintiff's motions to amend. This is unnecessary here since amendment of the complaint would not affect the Court's disposition of defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff has moved

to amend the complaint to state that McDonnell was forcibly retired after December 31, 1978. Even assuming this to be factually correct, there is no disputing that McDonnell's last day of work was December 31, 1978, nor that he was notified of his future retirement by his employer in June, 1978. Whatever the meaning of "retirement," the Court cannot conceivably construe defendant's action as a termination or discharge of McDonnell on any date after December 31, 1978.

■ In its motion to dismiss, defendant contests McDonnell's assertion that his termination in December, 1978, at age 65, was in violation of the ADE Act. This dispute is solely a question of statutory construction: whether the reference in one section (§ 4(f)(2)) to another section (§ 12(a)) made § 12(a) effective as of § 4(f)(2)'s effective date for purposes of § 4(f)(2), rather than as of the date specified by § 12(a).

The ADE Act was originally enacted in 1967, but was amended in 1978. Old § 12, 29 U.S.C. § 631, specified a 65-year age limit for workers in the private sector who are protected by the ADE Act; new § 12(a) raised the limit to 70 years.[1] Section 4(f)(2) was also amended to include the proviso:

> ... and no such seniority system or employee benefit plan shall require or permit the involuntary retirement of any individual specified by section 12(a) of this Act because of the age of such individual....

29 U.S.C. § 623(f)(2).

The Amending Act, Pub.L. 95–256, was enacted on April 6, 1978, and specified that particular sections would take effect on different dates. Thus, § 12(a) was to take effect January 1, 1979, while § 4(f)(2) was to take effect on the date of enactment.[2]

The question of statutory construction is whether § 4(f)(2)'s reference in text to § 12(a) made § 12(a) effective with respect to § 4(f)(2) on April 6, 1978, the date of enactment of the Act. Although the varying dates of enactment and effect are confusing, § 4(f)(2)'s reference to § 12(a) cannot be read to determine the effective date of § 12(a) in light of the plain statement of the effective date of § 12(a) and the legislative history supporting the contrary view. The Amending Act explicitly specified that § 12(a) was to take effect January 1, 1979, while § 4(f)(2) was to take effect on the date of enactment of the Amending Act, April 6, 1978. Although the amendment of § 4(f)(2) was poorly drafted in that it failed to specify that § 12 was the operative section prior to January 1, 1979, it is unreasonable to treat this failure, rather than the clear statement of § 12(a)'s effective date, as the determinative provision.

The legislative history is also contrary to McDonnell's interpretation of § 4(f)(2). Amendments of various sections of the ADE Act were motivated by two primary and distinct purposes. One purpose was to increase the age limit from 65 to 70 years for workers in the private sector who are protected by the ADE Act; this was accomplished by new § 12(a). The other purpose was to amend § 4(f)(2) of the Act to clarify Congress's original intent. S.Rep.No. 95–493, 95th Cong., 2d Sess. 1, *reprinted in* [1978] U.S.Code Cong. & Ad.News, 504.[3]

---

1. Section 12(a) reads as follows:
   The prohibitions in this Act shall be limited to individuals who are at least 40 years of age but less than 70 years of age.

2. There is one exception to the effective date of § 4(f)(2):
   ... in the case of employees covered by a collective bargaining agreement which is in effect on September 1, 1977, which was entered into by a labor organization (as defined by section 6(d)(4) of the Fair Labor Standards Act of 1938), and which would otherwise be prohibited by the amendment made by section 3(a) of this Act [the revision of § 12], the amendment made by subsection (a) of this section [amending § 4(f)(2)] shall take effect upon the termination of such agreement or on January 1, 1980, whichever occurs first.
   Even assuming that McDonnell falls within this exception, the result is simply that § 4(f)(2) was effective upon the termination of the collective bargaining agreement covering McDonnell, which expired on April 30, 1978.

3. Originally § 4(f)(2) had exempted "a bona fide seniority system or any bona fide employee benefit plan such as a retirement, pension, or insurance plan, which is not a subterfuge to

Congress intended its amendment of § 4(f)(2) regarding discrimination against people under age 65 to take effect upon enactment, for in amending § 4(f)(2), Congress simply meant to enforce what it had attempted to declare eleven years earlier. S.Rep.No.95–493, *supra* [1978] U.S.Code Cong. & Ad.News, 512–513. The motivation for the change in the age limit, however, was independent of the § 4(f)(2) amendment. With respect to the age limit, Congress decided to delay extension of the Act's protections to people between the ages of 65 and 70 in order "to provide sufficient opportunity for employers to adjust personnel policies to reflect the changes in existing law made by these amendments," *id.* at 510. Congress then determined that there should be a further delay of the age extension for collective bargaining agreements covered by § 4(f)(2):

> During the full committee's consideration of this bill, an amendment was adopted which defers the effective date of the prohibition of mandatory retirement policies at ages 65 through 69 in employee benefit plans and seniority systems contained in collectively bargained agreements in effect on September 1, 1977. The effective date of the prohibition in these situations would be the termination of the contract or January 1, 1980, whichever occurs first. The reason for the extended effective date for collectively bargained employee benefit plans is to recognize, and provide the maximum deference to, contracts negotiated between management and labor, consistent with the committee's desire to end mandatory retirement of those workers under age 70. . . .

*Id.* at 514. Were § 4(f)(2) capable of making § 12(a) effective as of the date of enactment, no deferral would have been granted. Thus, Congress must have intended that § 4(f)(2) apply § 12(a) only after § 12(a) became effective on January 1, 1979.

### III. *Conclusion*

Since McDonnell's employment was terminated prior to the expansion of the protected age group on January 1, 1979, no violation of the ADE Act has been alleged. Therefore, defendant's motion to dismiss is granted.

evade the purposes of this chapter" from the ADE Act's prohibition of age discrimination in employment terms, compensation, conditions, privileges, or opportunities. Several Circuit Courts read § 4(f)(2) to mean that a bona fide retirement plan instituted in good faith prior to the ADE Act was not a subterfuge to evade the ADE Act, and therefore would fall within the exemption. Other Circuit Courts held that such plans were not exempted. Following this split, Congress, by amending § 4(f)(2), attempt-

ed to clarify the earlier legislative intention to permit employers only to limit pension, retirement, or insurance plan benefits, not to maintain such plans which denied employment to persons within the protected age group. (Prior to passage of this amendment, the Supreme Court had affirmed the contrary interpretation of original § 4(f)(2). *United Airlines, Inc. v. McMann*, 434 U.S. 192, 98 S.Ct. 444, 54 L.Ed.2d 402 (1977).)